FILED

MAY - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD SYSTEMS, LLC, )
    16 East Ellendale Estates Court )
    Houma, Louisiana 70360 )
    )
    Plaintiff, )
    )
v. )    CASE NUMBER 1:06CV00822
    )
COMMISSIONER FOR PATENTS, )    JUDGE: James Robertson
    600 Dulany Street )
    Alexandria, VA 22314 )    DECK TYPE: General Civil
    )
    Defendant. )    DATE STAMP: 05/█/2006

## COMPLAINT

1. This suit arises under the patent laws of the United States, 35 U.S. Code, and seeks a review of the decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office in patent application No. 09/121,725. This decision was adverse to the inventor, Ernest A. Voisin ("Voisin"), rejecting claims of an application entitled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor."

2. Review by this Court is specifically provided for under 35 U.S.C. § 145 and jurisdiction is also proper under 28 U.S.C. §§ 1331(a) and 1338, as the matter in controversy arises under the patent laws of the United States. Venue in this Court is proper under 35 U.S.C. § 145.

3. Plaintiff, Innovatit Seafood Systems, LLC, is the assignee of the entire right, title and interest in and to the invention of Voisin relating to a method of eliminating naturally-occurring pathogenic organisms, such as *Vibrio Vulnificus*, by exposing the raw molluscan shellfish to isostatic pressures of between 20,000 and 80,000 p.s.i., without application of heat, for a period of time between one and 15 minutes, thereby causing elimination of the naturally-

occurring pathogenic organisms, while retaining sensory characteristics of the raw shellfish, disclosed and claimed in U.S. patent application Serial No. 09/121,725 filed in the U.S. Patent and Trademark Office on July 24, 1998 and entitled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor."

4. Plaintiff is a citizen of the State of Louisiana, having its principal place of business at 116 East Ellendale Estates Court, Houma, Louisiana 70360.

5. The U.S. Patent and Trademark Office Examiner determined that Claims 6 and 27 are anticipated under 35 U.S.C. § 102(b) by Japanese publication of Yasushi *et al.* H4-356156 ("JP '156"), and that Claims 3, 4, and 7 are unpatentable over JP '156 in view of Tesvich *et al.* Patent No. 5,773,064 ("Tesvich").

6. After an administrative hearing based in part on evidentiary records developed by plaintiff and in part on the arguments of plaintiff contained in the brief filed by plaintiff's counsel, the Board of Patent Appeals and Interferences, by a written decision dated February 27, 2006, erroneously affirmed Examiner's rejection of the claims. A copy of the Board's decision is attached hereto as Exhibit A.

7. Plaintiff submits that the claims of the application are novel, not anticipated and nonobvious in view of the cited prior art.

**WHEREFORE**, the plaintiff prays:

1. That the Court issue an order reversing the decision of the Board of Patent Appeals and Interferences and allowing claims 3, 4, 6, 7, and 27 of the application;

2. That this Court direct the U.S. Patent and Trademark Office to issue a patent thereon to Innovatit Seafood Systems, LLC as the assignee of the entire right, title and interest to the invention; and

3. For such other relief as the Court deems proper.

Respectfully submitted,

*[signature]*

Richard J. Oparil
D.C. Bar No. 409723
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

Counsel for Plaintiff
Innovatit Seafood Systems, LLC

*Of Counsel:*

Scott A.M. Chambers, Ph.D.
D.C. Bar No. 450442
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000
(703) 744-8001 (fax)

#4800857

The opinion in support of the decision being entered today was not
written for publication and is not binding precedent of the Board.

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

Ex parte ERNEST A. VOISIN

Appeal No. 2005-1101
Application No. 09/121,725



HEARD: JANUARY 26, 2006

Before OWENS, WALTZ, and FRANKLIN, Administrative Patent Judges.
WALTZ, Administrative Patent Judge.

DECISION ON APPEAL

This is a decision on an appeal from the primary examiner's final rejection of claims 3, 4, 6, 7 and 27, which are the only claims pending in this application. We have jurisdiction pursuant to 35 U.S.C. § 134.

According to appellant, the invention is directed to a method of treating raw molluscan shellfish (e.g., oysters) to eliminate naturally-occurring pathogenic organisms, such as *Vibrio Vulnificus*, by exposing the raw molluscan shellfish to high isostatic pressures of between 20,00 and 80,000 psi, without

06 0822

FILED

MAY - 3 2006



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT A

Appeal No. 2005-1101
Application No. 09/121,725

application of heat, for a period of time between 1 and 15 minutes, thereby causing elimination of the naturally-occurring pathogenic organisms while retaining sensory characteristics of the raw shellfish (Brief, page 2).[1] To the extent appellant provides separate arguments for patentability (Brief, pages 3-5), we consider the claims separately. See 37 CFR § 1.192(c)(7) (2003); now 37 CFR § 41.37(c)(1)(vii)(2004). A copy of representative independent claims 3 and 6 is reproduced below:

3. Process of destroying bacteria in raw molluscan shellfish, while shellfish is in the shell, comprising the steps of:

providing a pressure vessel;

depositing said shellfish into said pressure vessel;

loading a pressure transmitting fluid into said pressure vessel;

pressurizing said pressure vessel to high pressure of between about 20,000 p.s.i. and 80,000 p.s.i., without application of heat, for a period of time of between 1 and 15 minutes, thereby causing elimination of naturally-occurring pathogenic marine bacteria, while retaining sensory characteristics of said shellfish; and then

retaining said shellfish at a temperature below ambient temperature.

6. A process of treating raw oysters in a shell, which comprises:

---

[1] We refer to and cite from the Amended Appeal Brief dated September 3, 2004.

2

Appeal No. 2005-1101
Application No. 09/121,725

exposing raw oysters to hydrostatic pressure of between 20,000 p.s.i. and 80,000 p.s.i. for 1-15 minutes at ambient temperature, without causing thermal and mechanical damage to the raw oysters, thereby eliminating pathogenic Vibriones bacteria in said raw oysters, preventing deterioration of said raw oysters, while retaining sensory characteristics of said raw oysters.

The examiner has relied upon the following references as evidence of unpatentability:

Tesvich et al. (Tesvich)    5,773,064              Jun. 30, 1998

Yasushi et al. (JP '156)    H4-356156             Dec. 09, 1992
(published Japanese Unexamined Patent Application)[2]

Cheftel, "Effects of high hydrostatic pressure on food constituents: an overview," *High Pressure and Biotechnology*, Colloque INSERM/John Libbey Eurotext Ltd. © 1992, Vol. 224, pp. 195-209.

Claims 6 and 27 stand rejected under 35 U.S.C. § 102(b) as anticipated by JP '156 (Answer, page 3). Claims 3, 4 and 7 stand rejected under 35 U.S.C. § 103(a) as unpatentable over JP '156 in view of Tesvich (Answer, page 4). Based on the totality of the record, we *affirm* all rejections on appeal essentially for the reasons stated in the Answer, the reasons stated in the decision in parent application no. 09/121,725 dated Mar. 10, 2003 (Appeal No. 2002-0206, Paper No. 24), and for the reasons set forth below.

---

[2] We rely upon and cite from a full English translation of this document, previously made of record.

3

Appeal No. 2005-1101
Application No. 09/121,725

## OPINION

A. *Background*

This application is a continued prosecution application of application number 09/121,725, in which a merits panel of this Board affirmed the rejections of claims 6-7 under section 102(b) as anticipated by JP '156 and claims 3-4 under section 103(a) as unpatentable over JP '156 (see the decision mailed Mar. 10, 2003, Paper No. 24 as Appeal No. 2002-0206; Brief, pages 1-2). Although some claims in this application are nearly identical to those presented in the parent application, this appeal involves new claim 27 as well as consideration of the evidence submitted as Exhibits 1-9 (Brief, page 2).

B. *The Rejection under § 102(b)*

Claims 6 and 27 stand rejected under section 102(b) as anticipated by JP '156, as evidenced by Cheftel (Answer, pages 3-4).

The examiner finds that JP '156 discloses a method of treating shellfish comprising exposing raw oysters in their shell contained in plastic bags filled with sea water to hydrostatic pressures of 14,223 to 56,892 psi for a duration of 0.5 to 10 minutes at ambient temperatures without application of heat

4

Appeal No. 2005-1101
Application No. 09/121,725

(Answer, pages 3-4).³ The examiner recognizes that the reference is silent about any effect of the pressure application on the pathogenic bacteria content of the oysters (Answer, page 4). However, the examiner reasons that, since the claimed method steps are the same as taught by JP '156, the claimed characteristic of eliminating pathogenic *Vibriones* bacteria is an inherent property and result of the reference method, absent any clear and convincing evidence to the contrary (Answer, page 4). The examiner has also found that high pressure treatment of seafood destroys pathogenic organisms such as *Vibriones*, illustrating this finding with Cheftel's disclosure (*id.*).

Appellant argues that the cited reference is silent on the possibility or desirability of the process being conducted at 20,000 psi or at pressures above 56,892 psi, as well as being silent as to possible effects that different pressure ranges would have on raw oysters (Brief, page 5). Appellant also argues that the reference is silent on the issue of pathogenic bacteria elimination (*id.*).

Appellant's argument concerning the issue of elimination of pathogenic bacteria is correct, as admitted by the examiner

---

³We also adopt all of the factual findings set forth on pages 5-7 of our previous decision dated Mar. 10, 2003, in Appeal No. 2002-0206 (Paper No. 24).

5

Appeal No. 2005-1101
Application No. 09/121,725

(Answer, page 4). However, for reasons discussed in the Answer and set forth below, we agree with the examiner that a reasonable basis has been established that the elimination of pathogenic bacteria would have been inherent to the method of JP '156. Appellant's other arguments are not well taken. Contrary to his own argument, appellant admits that JP '156 teaches pressure ranges overlapping the claimed pressure range (Brief, page 5), with teachings that higher pressures could be employed, and examples to specific pressures within the scope of the claimed pressures (see JP '156, ¶[0006], and Embodiment 1). Disclosure in the prior art of any value within the claimed range is anticipation of the claimed range. See In re May, 574 F.2d 1082, 1089, 197 USPQ 601, 607 (CCPA 1978); In re Wertheim, 541 F.2d 257, 267, 191 USPQ 90, 100 (CCPA 1976).

Appellant argues that the cited reference is "at least partially non-enabling" (Brief, page 7). Appellant argues that, after numerous tests, it has been demonstrated that the lower pressures stated in JP '156 do not open the oysters (Brief, page 7; Exhibits 1 and 2). Appellant asserts that there is no inherent disclosure of the invention where experiments have revealed that the prior art did not consistently yield the claimed invention (Reply Brief, page 2). Appellant challenges

6

Appeal No. 2005-1101
Application No. 09/121,725

the operability of JP '156 by the citation of later-published Japanese 2000-157157A (JP '157; Exhibit 3) and the accompanying Table (Exhibit 4) and graph (Exhibit 5)(Brief, pages 9-10; Reply Brief, page 4).  Appellant argues that he had to perform numerous experiments, well beyond the "undue experimentation" standard, in an effort to reproduce the results of oyster shucking in JP '156 (Brief, page 11; Reply Brief, page 3).

Appellant's arguments and evidence are not persuasive. Appellant is correct that, to be prior art under section 102(b), a reference must be enabling.  See In re Donohue, 766 F.2d 531, 533, 226 USPQ 619, 621 (Fed. Cir. 1985).  That is, the reference must put the claimed invention in the hands of one skilled in the art.  See In re Donohue, 766 F.2d at 533, 226 USPQ at 621.  The "claimed invention" in this appeal is a process of treating raw oysters in a shell by use of high pressure for a specific time and temperature (see claim 6 on appeal).  Accordingly, appellant's Exhibits fail to provide evidence that JP '156 does not put this process in the hands of one of ordinary skill in this art, but instead the Exhibits are directed to the "partially non-enabling" disclosure of shucking in JP '156.  This evidence is not persuasive of non-enablement or inoperability of the process of JP '156.

7

Appeal No. 2005-1101
Application No. 09/121,725

Even assuming the relevance of the Exhibits, we note the following deficiencies in the evidence presented. In Exhibit 1 (the Voisin Declaration), the tests are done at an "ambient temperature" of 50°F, but there is no evidence that this is the same ambient temperature employed by JP '156. Furthermore, the test at 1000 atm. fails to reveal the duration (time) of the test (Exhibit 1, page 1). Finally, we note that the Declaration (Exhibit 1, page 2) admits that 80% of the oysters were shucked at the temperature, pressure and duration exemplified in Embodiment 1 in ¶[0010] of JP '156. We also note that Exhibit 2 is merely a duplicate of Exhibit 1.

In Exhibit 3, JP '157 merely is an improvement over JP '156, using lower pressures (and correspondingly higher temperatures) to avoid the expense of employing costly high pressure treatment (JP '157, ¶[0004, 0006, and 0053]). As shown by Exhibits 4 and 5, shucking of the oysters occurred within the pressures and times taught by JP '156 (assuming that ambient temperature is 50°F.). We note that the times for low pressure treatment exemplified in Table 1 (Exhibit 4) were less than the times taught by JP '156 (see ¶[0006]).

Regarding Exhibits 5-9 (the Chauvin, Michael Voisin, Nelson and Sunseri Declarations, respectively), we adopt the examiner's

8

Appeal No. 2005-1101
Application No. 09/121,725

comments from the final Office action dated Oct. 30, 2003 (page 5) and the Answer (page 8), noting that all of these Declarations merely conclude that the method steps disclosed by JP '156 do not inherently eliminate bacteria in shellfish but fail to present any evidence to support this conclusion.

We agree with the examiner that Embodiment 1 of JP '156 anticipates claims 6 and 27 for the reasons discussed in the Answer and above. We conclude, as did the examiner, that the process steps disclosed in JP '156 are identical to those of claims 6 and 27 (see our prior decision, paragraph bridging pages 7-8). A result that is inherent, i.e., that inevitably and necessarily occurs, as in this case, need not be recognized in a prior reference that teaches a process encompassed by the claimed process. See *MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365, 52 USPQ2d 1303, 1305 (Fed. Cir. 1999).

In the present instance, the examiner has put forth credible and substantial evidence in the record that the pressure treatment of seafood destroys pathogenic microorganisms such as *Vibriones* (claim 6) in oysters (Answer, page 4, citing Cheftel). The examiner has also established with credible and substantial evidence that the claimed process steps are identical to those disclosed in JP '156, which utilizes the same pressures and times

9

Appeal No. 2005-1101
Application No. 09/121,725

as claimed by appellant (Answer, pages 3-4). Accordingly, the burden has shifted to appellant to show that the prior art process does not act to reduce or eliminate the pathogenic bacteria in oysters. See In re Best, 562 F.2d 1252, 1255, 195 USPQ 430, 433-34 (CCPA 1977). The appellant has not carried this burden, and consequently the prima facie case of anticipation of claims 6 and 27 must be affirmed.

C. The Rejection under § 103(a)

The examiner applies JP '156 for the reasons discussed above and in the (Answer, pages 3-4), with the examiner further finding that JP '156 is silent regarding the use of refrigerated temperatures and the use of bands around the oyster shells Answer (page 4). The examiner applies Tesvich to show these well known features (Answer, page 5). Appellant does not contest or dispute the examiner's findings regarding Tesvich (Brief, pages 14-17) but repeats the arguments discussed above. Therefore we adopt our comments from above, as well as the findings and conclusion of law set forth by the examiner, and affirm the examiner's rejection based on section 103(a).

D. Summary

The rejection of claims 6 and 27 under 35 U.S.C. § 102(b) over JP '156 is affirmed.

10

Appeal No. 2005-1101
Application No. 09/121,725

The rejection of claims 3, 4 and 7 under 35 U.S.C. § 103(a) over JP '156 in view of Tesvich is also affirmed.

The decision of the examiner is affirmed.

In the event of further or continuing prosecution of this application, we note that the examiner and appellant should consider Voisin, U.S. Patent No. 6,217,435 B1, issued Apr. 17, 2001.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 CFR § 1.136(a)(1)(iv)(2004).

AFFIRMED

|  |  |
|---|---|
| TERRY J. OWENS<br>Administrative Patent Judge | )<br>)<br>)<br>) |
| THOMAS A. WALTZ<br>Administrative Patent Judge | )<br>) BOARD OF PATENT<br>) APPEALS<br>) AND<br>) INTERFERENCES |
| BEVERLY A. FRANKLIN<br>Administrative Patent Judge | )<br>)<br>) |

TW/rwk

11

Appeal No. 2005-1101
Application No. 09/121,725


KEATY PROFESSIONAL LAW CORPORATION
2 CANAL STREET
2140 WORLD TRADE CENTER
NEW ORLEANS, LA 70130

12