## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD SYSTEMS, LLC,   )
   )
      Plaintiff,   )
   )
     v.   )      Civil Action No. 06-0822(JR)
   )
COMMISSIONER FOR PATENTS,   )
   )
      Defendant.   )

### MEMORANDUM OF LAW IN SUPPORT
### OF PLAINTIFF'S MOTION TO DEEM
### COMPLAINT FILED AS OF APRIL 24, 2006

In this action to obtain the issuance of a patent, plaintiff, Innovatit Seafood Systems, LLC, ("Innovatit"), seeks an Order deeming the complaint in this action to have been filed nunc pro tunc as of April 24, 2006.  On April 24, 2006, the Clerk's Office received Innovatit's complaint and all other required documents to initiate this action.  However, because the complaint was not signed by a member of the Bar of the Court, it was rejected and returned to Innovatit's Louisiana patent counsel.  Innovatit promptly retained counsel admitted in this Court and re-filed the action.  Because of a statutory deadline, the Clerk's rejection of the filing could lead to the loss of a substantive right.

### BACKGROUND

On July 24, 1998, Ernest A. Voisin ("Voisin") filed U.S. patent application Serial No. 09/121,725 ("the '725 application"), entitled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor."  (Complaint ¶ 1).  The invention eliminates naturally-occurring pathogenic organisms, such as *Vibrio Vulnificus*, by exposing the raw molluscan shellfish to isostatic pressures of between 20,000 and 80,000 p.s.i., without application of heat, for a period of time between one and 15

minutes, thereby causing elimination of the naturally-occurring pathogenic organisms, while retaining sensory characteristics of the raw shellfish. (*Id.* ¶ 3). The plaintiff, Innovatit, a family-owned Louisiana corporation located in Houma, Louisiana, is the assignee of the entire right, title and interest in and to Voisin's invention. (*Id.* ¶¶ 3-4).

During prosecution, the U.S. Patent and Trademark Office ("USPTO") Examiner determined that Claims 6 and 27 of the '725 application were anticipated under 35 U.S.C. § 102(b) by Japanese publication of Yasushi *et al.* H4-356156 ("JP '156"), and that Claims 3, 4, and 7 were unpatentable over JP '156 in view of Tesvich *et al.* Patent No. 5,773,064 ("Tesvich"). (*Id.* ¶ 5). After an administrative hearing, the USPTO's Board of Patent Appeals and Interferences ("BPAI"), by a written decision dated February 27, 2006, affirmed the Examiner's rejection of the claims. (*Id.* ¶ 6 & Ex. A).

Innovatit believes that the claims of the application are novel, not anticipated and nonobvious in view of the cited prior art, and seeks review of BPAI's decision pursuant to 35 U.S.C. § 145. That provision states:

> An applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134(a) of this title may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Director in the United States District Court for the District of Columbia if commenced within such time after such decision, not less than sixty days, as the Director appoints. The court may adjudge that such applicant is entitled to receive a patent for his invention, as specified in any of his claims involved in the decision of the Board of Patent Appeals and Interferences, as the facts in the case may appear and such adjudication shall authorize the Director to issue such patent on compliance with the requirements of law. All the expenses of the proceedings shall be paid by the applicant.

The patent regulations provide, in relevant part, that:

> Any applicant . . . dissatisfied with the decision of the
> Board of Patent Appeals and Interferences . . . may, instead
> of appealing to the U.S. Court of Appeals for the Federal
> Circuit (§ 1.301), have remedy by civil action under 35
> U.S.C. 145 or 146, as appropriate.  Such civil action must
> be commenced within the time specified in § 1.304.

37 C.F.R. § 1.303(a).  Section 1.304(a)(1) provides, *inter alia*, that the time for commencing a civil action is two months from the date of the decision of the BPAI.

Thus, Innovatit had two months – until April 28, 2006 – to file its complaint in the U.S. District Court for the District of Columbia.[1]

On April 22, 2006, Innovatit's patent counsel, Keaty Professional Law Corporation ("Keaty"), located in New Orleans, Louisiana, sent a complaint and other required documents to initiate a civil action for filing in this Court to the Clerk's Office. (Ex. 1).  The package was sent by Federal Express for delivery on April 24, 2006, and it was in fact delivered on that date.  (Ex. 2).

At the time the complaint was sent to Washington for filing, Innovatit had not yet retained local counsel admitted to the Bar of this Court.  A member of Innovatit signed the complaint on behalf of the assignee.  (Ex. 1 at 3).  Thomas S. Keaty, a member of the Bar of several U.S. District Courts, also signed the complaint.  (*Id*. at 4; Ex. 3).  Innovatit requested that the correspondence be directed to Keaty.

On May 2, 2006, Keaty received by mail from the Clerk's Office the original complaint, along with the filing fee.  The Clerk did not file the complaint because it was not signed by a member of the Bar and a corporation cannot appear *pro se*.  (Ex. 4).

---

[1]    Under the regulation, the times "specified in months are calendar months except that one day shall be added to any two-month period which includes February 28." 37 CFR § 1.304(b).

Innovatit then promptly retained counsel admitted to this Court's Bar and refiled the complaint on May 3, 2006.

Innovatit requests that the complaint be given the original filing date – April 24, 2006. Innovatit submits that should the Court deny this motion, Innovatit may be deprived of its right to the judicial review of the USPTO decision. Such a harsh result was not contemplated by the statute or the Federal Rules of Civil Procedure.

## ARGUMENT

Despite the liberal language of 28 U.S.C.A. § 1654,[2] corporations, partnerships, associations, and any other artificial entities may appear in federal courts only through a licensed attorney. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384-86 (11th Cir. 1985); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004); *Lennon v. McClorey*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998).

However, there is no requirement in statute, case or rule that requires a Clerk to fail to file a document not signed by an attorney for the corporation. To the contrary, Fed. R. Civ. P. 5(e) provides that:

> The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . . The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices.

---

[2]    This statute provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

In addition, Fed. R. Civ. P. 11(a) also gives a party the opportunity to correct an unsigned paper: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

Here, the Clerk's Office refused to file Innovatit's complaint as not being in proper form because it was not signed by member of this Court's Bar.  Under both Rules 5(e) and 11(a), the Clerk should have accepted the complaint for filing – thus ensuring that it was timely filed for § 145 purposes – and then given Innovatit the opportunity to correct it.  Indeed, Innovatit could have filed an amended complaint without leave of court or the consent of the defendant. Fed. R. Civ. P. 15(a).

Indeed, the cases are legion in which a corporate party, seeking to proceed in litigation without counsel, has been given a warning by the Court and an opportunity to retain counsel.  For example, in *Flynn*, 311 F. Supp. 2d 30, when corporate defendants appeared *pro se*, the Court ordered the corporations to retain counsel and warned that a default judgment could be entered for non-compliance. *Id.* at 35, 37.  *See also United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (entry of a default judgment by the District Court, was appropriate where the court had ordered defendant corporation to retain counsel and defendant had failed to do so); *Arch Assocs. v. HuAmerica Int'l*, 1994 U.S. Dist. Lexis 2265, at *3-4 (S.D.N.Y. Mar. 1, 1994) (warns defendant that failure to retain counsel within 60 days will result in entry of default judgment); *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 505 (D. Del. 1985) ("this Court has explicitly advised Jet Traders at least three times previously . . . that a corporation *must* be represented by counsel or have its claims dismissed.") (emphasis in original); *In re Oglesby*, 333 B.R. 788, 790 (Bankr. S.D. Ohio 2005) (Court

gave creditor the opportunity to obtain representation and file an appropriate response); *Lady Kelly, Inc. v. U.S. Sec'y of Agriculture*, 414 F. Supp. 2d 1298, 1299-1300 (C.I.T. 2006) (Court struck plaintiff corporation's response to a motion to dismiss signed by its sole shareholder, but extended the plaintiff's time to file, through an attorney, a new response). Further, in cases where a case has been dismissed because a corporation appears *pro se*, the dismissal should be without prejudice. *See, e.g., Memon v. Allied Domeco QSR*, 385 F.3d 871, 873-74 (5th Cir. 2004). Dismissal is an extreme sanction that deprives a litigant of the opportunity to pursue its claim. *Id.* at 874.

Here, the Clerk's failure to file Innovatit's complaint could be considered akin to a dismissal in light of the two month deadline set forth in the USPTO regulations implementing § 145. 37 C.F.R. §§ 1.303(a), 1.304(a)(1). The Clerk's Office refused to file the timely April 24, 2006 complaint that was signed by a member of Innovatit, a family-owned business. Innovatit was not given any opportunity to correct the filing. In fact, the Clerk's Office simply returned the complaint by mail to Innovatit's Louisiana counsel, and the envelope was not delivered to New Orleans until May 2 – after the two month deadline.

Unless remedied, the Clerk's actions could have the result of precluding Innovatit from seeking redress of the decision by the USPTO and constructively denying the inventor the rights to his invention. By statute, "patents shall have the attributes of personal property." 35 U.S.C. § 261. The potential deprivation of property can be remedied by ordering that the complaint was deemed filed on April 24, 2006. *See Keith v. Heckler*, 603 F. Supp. 150, 156 (E.D. Va. 1985) (Court entered a nunc pro tunc order

giving the complaint a filing date as of the date the complaint was received in the Clerk's Office).

In addition, there is another reason to grant the requested relief. Thomas S. Keaty, Innovatit's Louisiana patent counsel did, in fact, sign the complaint that was rejected by the Clerk. (Ex. 1). Local Rule 83.6 provides that "[a]n attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in [Fed. R. Civ. P. 7(a)]." Those eligible to appear here are active members in good standing of (1) the District of Columbia Bar, or (2) the highest court of any state where the attorney maintains her practice and a U.S. District Court that provides for reciprocal admission. Local Rule 83.8(a). Mr. Keaty is a member in good standing of the Bars of, *inter alia*, the State of Louisiana and the U.S. District Court for the Southern District of Texas and the Eastern, Middle and Western Districts of Louisiana. (Ex. 3). Therefore, he was eligible to sign Innovatit's complaint and the Clerk erroneously rejected the filing based on the pro se signature that was also on the complaint.

Accordingly, on this record, it would be unfair and unjust to potentially deprive Innovatit of a patent right because of a technical error that could have been easily remedied. Innovatit respectfully requests that the complaint in this action be deemed filed as of April 24, 2006.

## CONCLUSION

For all the foregoing reasons, Innovatit respectfully requests that the Court grant this motion and treat the complaint in this action as having been filed on April 24, 2006.

Dated: May 19, 2006                    Respectfully submitted,


                                        /s/ Richard J. Oparil
                                       Richard J. Oparil
                                       District of Columbia Bar No. 409723
                                       PATTON BOGGS LLP
                                       2550 M Street, NW
                                       Washington, DC 20037
                                       (202) 457-6000
                                       (202) 457-6315 (fax)

                                       *Attorney For Plaintiff*
                                       *Innovatit Seafood Systems LLC*

*Of Counsel:*

Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000
(703) 744-8001 (fax)

#4801914

**Ex. 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD SYSTEMS, LLC  )
             )
Plaintiff,         )  Civil Action No.
             )
v.            )
             )
COMMISSIONER FOR PATENTS   )
             )
Defendant        )

## COMPLAINT

1. This suit arises under the patent laws of the United States, 35 U.S. Code, and seeks a review of the decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office in patent application No. 09/121,725. This decision was adverse to the inventor, Ernest A. Voisin (hereinafter "Voisin"), rejecting claims of an application entitled" A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor."

2. Review by this Court is specifically provided for under 35 U.S.C. § 145 and jurisdiction is also proper under 28 U.S.C. § 1331(a), as the matter in controversy arises under the laws of the United States and exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Plaintiff, Innovatit Seafood Systems, LLC, is the assignee of the entire right, title and interest in and to the invention of Ernest A. Voisin relating to a method of eliminating naturally-occurring pathogenic organisms, such as *Vibrio Vulnificus*, by exposing the raw molluscan shellfish to isostatic pressures of between 20,000 and 80,000 p.s.i., without application of heat, for a period of time between 1 and 15 minutes, thereby causing elimination of the naturally-

occurring pathogenic organisms, while retaining sensory characteristics of the raw shellfish, disclosed and claimed in U.S. patent application Serial No. 09/121,725 filed in the U.S. Patent and Trademark Office on July 24, 1998 and entitled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and An Apparatus Therefor."

4. Plaintiff is a citizen of the State of Louisiana, having its principal place of business at 116 East Ellendale Estates Court, Houma, Louisiana 70360.

5. The U.S. Patent and Trademark Office Examiner determined that Claims 6 and 27 are anticipated under 35 U.S.C. 102(b) by Japanese publication of Yasushi et al. H4-356156 (JP '156), and that Claims 3, 4, and 7 are unpatentable over JP '156 in view of Tesvich et al.' patent No. 5,773,064 (Tesvich).

6. After an administrative hearing based in part on evidentiary records developed by plaintiff and in part on the arguments of plaintiff contained in the brief filed by Plaintiff's counsel, the Board of Patent Appeals and Interferences, by a written decision dated February 27, 2006, erroneously affirmed Examiner's rejection of the claims. A copy of the Board's decision is attached hereto as Exhibit A.

7. Plaintiff submits that the claims of the application are novel, not anticipated and nonobvious in view of the cited prior art.

WHEREFORE, the plaintiff prays:

1. That the Court issue an order reversing the decision of the Board of Patent Appeals and Interferences and allowing claims 3, 4, 6, 7, and 27 of the application;

2. That this Court direct the U.S. Patent and Trademark Office to issue a patent thereon to Innovatit Seafood Systems, LLC as the assignee of the entire right, title and interest to the invention; and

3. For such other relief as the Court deems proper.

Respectfully submitted,
Innovatit Seafood Systems, LLC

By: _____

Steven Voisin, Member
Innovatit Seafood Systems
P.O. Box 3916
Houma, LA 70361
(985) 868-7191
info@keatypatentfirm.com
please forward all information to
Keaty Professional Law Corporation
2 Canal Street
2140 World Trade Center
New Orleans, LA 70130

Verification
I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 21, 2006.

_____

Please Serve:
Office of the Solicitor
U.S. Patent Office
P.O. Box 1450
Alexandria, VA 22313-1450

U.S. Attorney for District of Columbia
U.S. Court House
333 Constitution Avenue, NW
Washington, D.C. 20001

Alberto R. Gonzalez
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Respectfully submitted this date, 24, April 2006

_____
Thomas S. Keaty
Keaty Professional Law Corporation
2 Canal Street
2140 World Trade Center
New Orleans, Louisiana 70130
(504) 524-2100
(504) 524-2105
Attorney for Applicant/Appellant

The opinion in support of the decision being entered today was not
written for publication and is not binding precedent of the Board.

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

Ex parte ERNEST A. VOISIN

Appeal No. 2005-1101
Application No. 09/121,725

MAILED

FEB 2 7 2006

U.S. ____ ___ ___ ___ ___
___ ___ ___ ___

HEARD: JANUARY 26, 2006

Before OWENS, WALTZ, and FRANKLIN, Administrative Patent Judges.
WALTZ, Administrative Patent Judge.

DECISION ON APPEAL

This is a decision on an appeal from the primary examiner's
final rejection of claims 3, 4, 6, 7 and 27, which are the only
claims pending in this application. We have jurisdiction
pursuant to 35 U.S.C. § 134.

According to appellant, the invention is directed to a
method of treating raw molluscan shellfish (e.g., oysters) to
eliminate naturally-occurring pathogenic organisms, such as
Vibrio Vulnificus, by exposing the raw molluscan shellfish to
high isostatic pressures of between 20,00 and 80,000 psi, without

**EXHIBIT**

**A**

Appeal No. 2005-1101
Application No. 09/121,725

application of heat, for a period of time between 1 and 15
minutes, thereby causing elimination of the naturally-occurring
pathogenic organisms while retaining sensory characteristics of
the raw shellfish (Brief, page 2).[1] To the extent appellant
provides separate arguments for patentability (Brief, pages 3-5),
we consider the claims separately. See 37 CFR § 1.192(c)(7)
(2003); now 37 CFR § 41.37(c)(1)(vii)(2004). A copy of
representative independent claims 3 and 6 is reproduced below:

3. Process of destroying bacteria in raw molluscan
shellfish, while shellfish is in the shell, comprising the steps
of:

providing a pressure vessel;

depositing said shellfish into said pressure vessel;

loading a pressure transmitting fluid into said pressure
vessel;

pressurizing said pressure vessel to high pressure of
between about 20,000 p.s.i. and 80,000 p.s.i., without
application of heat, for a period of time of between 1 and 15
minutes, thereby causing elimination of naturally-occurring
pathogenic marine bacteria, while retaining sensory
characteristics of said shellfish; and then

retaining said shellfish at a temperature below ambient
temperature.

6. A process of treating raw oysters in a shell, which
comprises:

---

[1] We refer to and cite from the Amended Appeal Brief dated September 3, 2004.

2

Appeal No. 2005-1101
Application No. 09/121,725

exposing raw oysters to hydrostatic pressure of between 20,000 p.s.i. and 80,000 p.s.i. for 1-15 minutes at ambient temperature, without causing thermal and mechanical damage to the raw oysters, thereby eliminating pathogenic Vibriones bacteria in said raw oysters, preventing deterioration of said raw oysters, while retaining sensory characteristics of said raw oysters.

The examiner has relied upon the following references as evidence of unpatentability:

Tesvich et al. (Tesvich)      5,773,064          Jun. 30, 1998

Yasushi et al. (JP '156)      H4-356156          Dec. 09, 1992
(published Japanese Unexamined Patent Application)[2]

Cheftel, "Effects of high hydrostatic pressure on food constituents: an overview," *High Pressure and Biotechnology,* Colloque INSERM/John Libbey Eurotext Ltd. © 1992, Vol. 224, pp. 195-209.

Claims 6 and 27 stand rejected under 35 U.S.C. § 102(b) as anticipated by JP '156 (Answer, page 3). Claims 3, 4 and 7 stand rejected under 35 U.S.C. § 103(a) as unpatentable over JP '156 in view of Tesvich (Answer, page 4). Based on the totality of the record, we *affirm* all rejections on appeal essentially for the reasons stated in the Answer, the reasons stated in the decision in parent application no. 09/121,725 dated Mar. 10, 2003 (Appeal No. 2002-0206, Paper No. 24), and for the reasons set forth below.

––––––––––––––––––––

[2] We rely upon and cite from a full English translation of this document, previously made of record.

3

Appeal No. 2005-1101
Application No. 09/121,725

## OPINION

### A. Background

This application is a continued prosecution application of application number 09/121,725, in which a merits panel of this Board affirmed the rejections of claims 6-7 under section 102(b) as anticipated by JP '156 and claims 3-4 under section 103(a) as unpatentable over JP '156 (see the decision mailed Mar. 10, 2003, Paper No. 24 as Appeal No. 2002-0206; Brief, pages 1-2). Although some claims in this application are nearly identical to those presented in the parent application, this appeal involves new claim 27 as well as consideration of the evidence submitted as Exhibits 1-9 (Brief, page 2).

### B. The Rejection under § 102(b)

Claims 6 and 27 stand rejected under section 102(b) as anticipated by JP '156, as evidenced by Cheftel (Answer, pages 3-4).

The examiner finds that JP '156 discloses a method of treating shellfish comprising exposing raw oysters in their shell contained in plastic bags filled with sea water to hydrostatic pressures of 14,223 to 56,892 psi for a duration of 0.5 to 10 minutes at ambient temperatures without application of heat

4

Appeal No. 2005-1101
Application No. 09/121,725

(Answer, pages 3-4).[3]  The examiner recognizes that the reference
is silent about any effect of the pressure application on the
pathogenic bacteria content of the oysters (Answer, page 4).
However, the examiner reasons that, since the claimed method
steps are the same as taught by JP '156, the claimed
characteristic of eliminating pathogenic *Vibriones* bacteria is an
inherent property and result of the reference method, absent any
clear and convincing evidence to the contrary (Answer, page 4).
The examiner has also found that high pressure treatment of
seafood destroys pathogenic organisms such as *Vibriones*,
illustrating this finding with Cheftel's disclosure (*id.*).

Appellant argues that the cited reference is silent on the
possibility or desirability of the process being conducted at
20,000 psi or at pressures above 56,892 psi, as well as being
silent as to possible effects that different pressure ranges
would have on raw oysters (Brief, page 5).  Appellant also argues
that the reference is silent on the issue of pathogenic bacteria
elimination (*id.*).

Appellant's argument concerning the issue of elimination of
pathogenic bacteria is correct, as admitted by the examiner

---

[3]We also adopt all of the factual findings set forth on pages 5-7 of our previous decision
dated Mar. 10, 2003, in Appeal No. 2002-0206 (Paper No. 24).

5

Appeal No. 2005-1101
Application No. 09/121,725

(Answer, page 4). However, for reasons discussed in the Answer and set forth below, we agree with the examiner that a reasonable basis has been established that the elimination of pathogenic bacteria would have been inherent to the method of JP '156. Appellant's other arguments are not well taken. Contrary to his own argument, appellant admits that JP '156 teaches pressure ranges overlapping the claimed pressure range (Brief, page 5), with teachings that higher pressures could be employed, and examples to specific pressures within the scope of the claimed pressures (see JP '156, ¶[0006], and Embodiment 1). Disclosure in the prior art of any value within the claimed range is anticipation of the claimed range. *See In re May*, 574 F.2d 1082, 1089, 197 USPQ 601, 607 (CCPA 1978); *In re Wertheim*, 541 F.2d 257, 267, 191 USPQ 90, 100 (CCPA 1976).

Appellant argues that the cited reference is "at least partially non-enabling" (Brief, page 7). Appellant argues that, after numerous tests, it has been demonstrated that the lower pressures stated in JP '156 do not open the oysters (Brief, page 7; Exhibits 1 and 2). Appellant asserts that there is no inherent disclosure of the invention where experiments have revealed that the prior art did not consistently yield the claimed invention (Reply Brief, page 2). Appellant challenges

Appeal No. 2005-1101
Application No. 09/121,725

the operability of JP '156 by the citation of later-published

Japanese 2000-157157A (JP '157; Exhibit 3) and the accompanying

Table (Exhibit 4) and graph (Exhibit 5)(Brief, pages 9-10; Reply

Brief, page 4). Appellant argues that he had to perform numerous

experiments, well beyond the "undue experimentation" standard, in

an effort to reproduce the results of oyster shucking in JP '156

(Brief, page 11; Reply Brief, page 3).

Appellant's arguments and evidence are not persuasive.

Appellant is correct that, to be prior art under section 102(b),

a reference must be enabling. *See In re Donohue*, 766 F.2d 531,

533, 226 USPQ 619, 621 (Fed. Cir. 1985). That is, the reference

must put the claimed invention in the hands of one skilled in the

art. *See In re Donohue*, 766 F.2d at 533, 226 USPQ at 621. The

"claimed invention" in this appeal is a process of treating raw

oysters in a shell by use of high pressure for a specific time

and temperature (see claim 6 on appeal). Accordingly,

appellant's Exhibits fail to provide evidence that JP '156 does

not put this process in the hands of one of ordinary skill in

this art, but instead the Exhibits are directed to the "partially

non-enabling" disclosure of shucking in JP '156. This evidence

is not persuasive of non-enablement or inoperability of the

process of JP '156.

7

Appeal No. 2005-1101
Application No. 09/121,725

Even assuming the relevance of the Exhibits, we note the following deficiencies in the evidence presented. In Exhibit 1 (the Voisin Declaration), the tests are done at an "ambient temperature" of 50°F. but there is no evidence that this is the same ambient temperature employed by JP '156. Furthermore, the test at 1000 atm. fails to reveal the duration (time) of the test (Exhibit 1, page 1). Finally, we note that the Declaration (Exhibit 1, page 2) admits that 80% of the oysters were shucked at the temperature, pressure and duration exemplified in Embodiment 1 in ¶[0010] of JP '156. We also note that Exhibit 2 is merely a duplicate of Exhibit 1.

In Exhibit 3, JP '157 merely is an improvement over JP '156, using lower pressures (and correspondingly higher temperatures) to avoid the expense of employing costly high pressure treatment (JP '157, ¶[0004, 0006, and 0053]). As shown by Exhibits 4 and 5, shucking of the oysters occurred within the pressures and times taught by JP '156 (assuming that ambient temperature is 50°F.). We note that the times for low pressure treatment exemplified in Table 1 (Exhibit 4) were less than the times taught by JP '156 (see ¶[0006]).

Regarding Exhibits 5-9 (the Chauvin, Michael Voisin, Nelson and Sunseri Declarations, respectively), we adopt the examiner's

8

Appeal No. 2005-1101
Application No. 09/121,725

comments from the final Office action dated Oct. 30, 2003 (page

5) and the Answer (page 8), noting that all of these Declarations

merely conclude that the method steps disclosed by JP '156 do not

inherently eliminate bacteria in shellfish but fail to present

any evidence to support this conclusion.

We agree with the examiner that Embodiment 1 of JP '156

anticipates claims 6 and 27 for the reasons discussed in the

Answer and above.  We conclude, as did the examiner, that the

process steps disclosed in JP '156 are identical to those of

claims 6 and 27 (see our prior decision, paragraph bridging pages

7-8).  A result that is inherent, i.e., that inevitably and

necessarily occurs, as in this case, need not be recognized in a

prior reference that teaches a process encompassed by the claimed

process.  See *MEHL/Biophile Int'l Corp. v. Milgraum,* 192 F.3d

1362, 1365, 52 USPQ2d 1303, 1305 (Fed. Cir. 1999).

In the present instance, the examiner has put forth credible

and substantial evidence in the record that the pressure

treatment of seafood destroys pathogenic microorganisms such as

*Vibriones* (claim 6) in oysters (Answer, page 4, citing Cheftel).

The examiner has also established with credible and substantial

evidence that the claimed process steps are identical to those

disclosed in JP '156, which utilizes the same pressures and times

9

Appeal No. 2005-1101
Application No. 09/121,725

as claimed by appellant (Answer, pages 3-4). Accordingly, the burden has shifted to appellant to show that the prior art process does not act to reduce or eliminate the pathogenic bacteria in oysters. *See In re Best*, 562 F.2d 1252, 1255, 195 USPQ 430, 433-34 (CCPA 1977). The appellant has not carried this burden, and consequently the prima facie case of anticipation of claims 6 and 27 must be affirmed.

C.  *The Rejection under § 103(a)*

The examiner applies JP '156 for the reasons discussed above and in the (Answer, pages 3-4), with the examiner further finding that JP '156 is silent regarding the use of refrigerated temperatures and the use of bands around the oyster shells Answer (page 4). The examiner applies Tesvich to show these well known features (Answer, page 5). Appellant does not contest or dispute the examiner's findings regarding Tesvich (Brief, pages 14-17) but repeats the arguments discussed above. Therefore we adopt our comments from above, as well as the findings and conclusion of law set forth by the examiner, and affirm the examiner's rejection based on section 103(a).

D.  *Summary*

The rejection of claims 6 and 27 under 35 U.S.C. § 102(b) over JP '156 is affirmed.

10

Appeal No. 2005-1101
Application No. 09/121,725

The rejection of claims 3, 4 and 7 under 35 U.S.C. § 103(a)

over JP '156 in view of Tesvich is also affirmed.

The decision of the examiner is affirmed.

In the event of further or continuing prosecution of this

application, we note that the examiner and appellant should

consider Voisin, U.S. Patent No. 6,217,435 B1, issued Apr. 17,

2001.

No time period for taking any subsequent action in

connection with this appeal may be extended under 37 CFR

§ 1.136(a)(1)(iv)(2004).

AFFIRMED

TERRY J. OWENS                      )
Administrative Patent Judge         )
                                    )
                                    )
                                    )
THOMAS A. WALTZ                     )    BOARD OF PATENT
Administrative Patent Judge         )       APPEALS
                                    )         AND
                                    )    INTERFERENCES
                                    )
                                    )
BEVERLY A. FRANKLIN                 )
Administrative Patent Judge         )

TW/rwk

11

Appeal No. 2005-1101
Application No. 09/121,725


KEATY PROFESSIONAL LAW CORPORATION
2 CANAL STREET
2140 WORLD TRADE CENTER
NEW ORLEANS, LA 70130

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Innovatit Seafood Systems, LLC
  .Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

Commissioner of Patents
  Defendant

CASE NUMBER:

TO: (Name and address of Defendant)

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

**YOU ARE HEREBY SUMMONED** and required to serve on ~~PLAINTIFF'S ATTORNEY~~ (name and address)

Innovatit Seafood Systems, LLC
P.O. Box 3916
Houma, LA  70361

**and**
Thomas Keaty
2 Canal St., 2140 WTC
New Orleans, LA  70130

an answer to the complaint which is served on you with this summons, within    twenty(20)    days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                      DATE

(By) DEPUTY CLERK

AO-440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                    *Signature of Server*

                                 _____
                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

MOTIVATIT SEAFOOD, INC.                                                                14896

U.S. DISTRICT COURT

4-21-06          (PATENT) FILING FEE                    #350.00

APP. # 09/121,725                                        S.V.

---

                                                                                       14896

**MOTIVATIT SEAFOOD, INC.**
P.O. BOX 3916
HOUMA, LA 70381

COASTAL COMMERCE BANK
84-525-654

4-21-06              #350.00
DATE                  AMOUNT

PAY
TO THE        U.S. DISTRICT COURT
ORDER
OF            THREE HUNDRED FIFTY & 00/100 ———

                                              MOTIVATIT SEAFOOD, INC.

                                              E. A. Vai

⑈014896⑈ ⑆065405284⑆        ⑈121871⑈

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Innovatit Seafood Systems, LLC | |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
     Plaintiff

☒ 2 U.S. Government
     Defendant

□ 3 Federal Question
     (U.S. Government Not a Party)

□ 4 Diversity
     (Indicate Citizenship of Parties
     in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place<br>of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place<br>of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a<br>Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| □ A. *Antitrust* | □ B. *Personal Injury/ Malpractice* | ☒ C. *Administrative Agency Review* | □ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>Social Security:<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>☒ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>Other Statutes<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If<br>      Administrative Agency is Involved) | Any nature of suit from any category may<br>be selected for this category of case<br>assignment.<br><br>*(If Antitrust, then A governs)* |

---

□ E. *General Civil (Other)* OR □ F. *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
☒ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or
       defendant
□ 871 IRS-Third Party 26
       USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of
       Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
       Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
       Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt
       Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
       Exchange
□ 875 Customer Challenge 12 USC
       3410
□ 900 Appeal of fee determination
       under equal access to Justice
□ 950 Constitutionality of State
       Statutes
□ 890 Other Statutory Actions (if not
       administrative agency review or
       Privacy Act

04-21-2006   04:18PM   FROM-REALTY ERICSON FORM

| ☐ G. *Habeas Corpus/* 2255 | ☐ *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)*. | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☒ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☒ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

35 USC sec 145, Appealed from the decision of U.S. Patent Office

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE  4/21/06   SIGNATURE OF ATTORNEY OF RECORD—pro se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil coversheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**Ex. 2**

FedEx | Track                                                                    Page 1 of 1

Track Shipments
**Detailed Results**

 ⑦ Quick Help

| Tracking number | 857108164720 | Delivered to | Receptionist/Front Desk |
| Signed for by | W.JOHNSON | Service type | Priority Pak |
| Ship date | Apr 22, 2006 | Weight | 2.0 lbs. |
| Delivery date | Apr 24, 2006 10:35 AM | | |
| Status | Delivered | | |

+ 48 hours

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Apr 24, 2006 | 10:35 AM | Delivered | | |
| | 10:17 AM | Delivery exception | WASHINGTON, DC | Recipient location security delay. Delivery will be reattempted. |
| | 7:00 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| | 6:26 AM | At local FedEx facility | WASHINGTON, DC | |
| Apr 23, 2006 | 6:13 PM | At dest sort facility | DULLES, VA | |
| | 4:33 PM | Departed FedEx location | MEMPHIS, TN | |
| | 3:40 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Apr 22, 2006 | 6:36 PM | Left origin | HARAHAN, LA | |
| | 1:52 PM | Picked up | HARAHAN, LA | |

[ Signature proof ]   [ Email results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

Your Name: [                    ]        Your Email Address: [                    ]

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [          ] | English | ☐ | ☐ |
| [          ] | English | ☐ | ☐ |
| [          ] | English | ☐ | ☐ |
| [          ] | English | ☐ | ☐ |

Select format: ● HTML ○ Text ○ Wireless
Add personal message: [                    ]
Not available for Wireless or non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions        [ Submit ]

**Ex. 3**



THE KEATY PATENT FIRM Attorneys at Law | Home | Patents | Copyrights | Trademarks | FAQ | Firm | Con

Thomas St. Paul Keaty, II     Thomas St. Paul Keaty, III     Bella I. Safro

# Resumes of Firm Members

## THOMAS ST. PAUL KEATY, II
### Patents, Trademarks, and Copyrights

THOMAS ST. PAUL KEATY, II, born Baton Rouge, Louisiana, January 3, 1943; admitted to bar 1972, Louisiana and U.S. District Court, Eastern, Middle and Western Districts of Louisiana; 1974-1982, U.S. Court of Appeals for the Federal Circuit; 1975, U.S. Court of Appeals, Fifth Circuit registered to practice before U.S. Patent and Trademark Office; 1980, U.S. District Court, Southern and Western Districts of Texas. Education: University of Southwestern Louisiana (ILS. in Chemical Engineering, 1966); Tulane University (J.D., 1972). Member, Moot Court. Lecturer: on Intellectual Property at Loyola University, New Orleans, Louisiana, 1979-1980; on Project Business, Newman School, New Orleans, Louisiana, 1981-; Guest Lecturer at Academy of the Sacred Heart, Economics, New Orleans, Louisiana, 1969-1972. Author: "What the U.S. Businessman should know about Patents, U.S. and Foreign," U.S. Department of Commerce Publication, 1979. Member, Legislative Liason, to Louisiana Secretary of State regarding Trademark System of Louisiana, 1982-1984. Author of La. Section of State Trademark and Unfair Competition Law by Clark Bardman, 1985 -; Member: Lafayette, New Orleans, Louisiana State, American Federal (Member, Board of Directors 1983-1985, Recording Secretary 1986, Treasurer 1987), and Texas Bar Associations; Louisiana Trial Lawyers Association; San Francisco Patent Law Society; Louisiana Engineering Society; American Society of Chemical Engineers; American Intellectual Patent Law Society.

Terms of Use | Privacy Policy
Copyright © 1996 - 2004 Keaty Patent Firm All rights reserved

**Ex. 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RETURN DOCUMENT LETTER

**X** Attorney presenting this case does not appear to be a member of the bar of this Court. SEE LOCAL RULE 83.8 AND 83.9. Attorney must either be a member of the District of Columbia Bar and a member of our bar, or, is an active member in good standing of the highest court of any state in which the attorney maintains his/her principal law office and is a member in good standing of a United States District Court that provides for reciprocal admission to members of the bar of this Court.

_____ If you wish to relate this incoming case to an already existing case, as you have indicated on the bottom of the civil cover sheet, you MUST also provide the Court with a related case form, in duplicate.

**X** All originals must be two-whole punched at the top as well as assembled. If you are unable to staple the pleadings, you must use Acco (metal) prong clips with fasteners. Please be advised that originals must not be bound. Further, it is not acceptable to file loose papers in boxes nor to file them in 3-ring binders.

_____ This Court's civil cover sheet is two-sided and both sides need to be completed when filing a new case. We have corrected your filing this time, but in the future, please use the enclosed current two-sided civil cover sheet for any future filings.

_____ Attorney is a member of the bar of this Court, but is not active. Please check with our Attorney Admissions Office, (202) 354-3107, regarding his/her status. Pursuant to our Local Rules, Attorneys who have been admitted to the bar of this court, must renew their membership every three years, which includes completing the attorney renewal form and paying $25.00.

_____ Not enough summons were submitted. If you choose not to have a defendant(s) waive service, you must submit a summons for each named defendant. Further, if you are naming a government agent or agency, you must supply two additional summons; one for the U.S. Attorney and one for the U.S. Attorney General.

_____ $350.00 filing fee was not submitted. Check must be made payable to "Clerk, U.S. District Court".

_____ *your document is in the amount of $350 is attached.*

NANCY MAYER-WHITTINGTON, CLERK    *Thank you*

By _____
Deputy Clerk

CO
Rev. 4/04

u:\Forms\Return Document Letter