**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INNOVATIT SEAFOOD SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0822 (JR) |
| | ) | |
| JOHN DOLE, Commissioner for Patents, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6),

defendant, John Dole, Commissioner for Patents, moves to dismiss the Complaint. As set forth

in the accompanying Memorandum in Support of this motion, plaintiff's Complaint is barred by

the statutory statute of limitations and the Court has no jurisdiction over the subject matter. In

the alternative, the Complaint is barred by the regulatory statute of limitations; therefore,

plaintiff has failed to state a claim upon which relief can be granted.

July 24, 2006                          Respectfully submitted,


                                       _____/s/_____
                                       KENNETH L. WAINSTEIN, D.C. Bar #451058
                                       United States Attorney


                                       _____/s/_____
                                       RUDOLPH CONTRERAS, D.C. Bar #424122
                                       Assistant United States Attorney


                                       _____/s/_____
                                       JOHN F. HENAULT, D.C. Bar #472590
                                       Assistant United States Attorney
                                       555 4th Street, NW
                                       Washington, DC 20530
                                       (202) 307-1249
                                       (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD                )
   SYSTEMS, LLC,                  )
                                   )
                Plaintiff,             )
                                   )
       v.                            )     Civil Action No. 06-0822 (JR)
                                   )
JOHN DOLE,                       )
Commissioner for Patents,        )
                                   )
              Defendant.              )
_____)

### MEMORANDUM IN SUPPORT OF DEFENDANT DOLE'S MOTION TO DISMISS[1]

Pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6), defendant John Dole, in his official capacity as Commissioner of Patents, respectfully moves this Court to dismiss plaintiff's claim for lack of subject matter jurisdiction.  Likewise, the Court should also deny plaintiff's Motion to Deem Complaint Filed as of April 24, 2006.  In sum, plaintiff's complaint should be dismissed because its claims are time barred by all applicable statutes of limitations and it ignored the Local Rules in attempting to file a complaint with a counsel not admitted to this Court.

### PROCEDURAL HISTORY

On July 24, 1998, plaintiff, Innovatit Seafood Systems, LLC, filed U.S. patent application No. 09/121,725, titled "A Process of Eliminating Bacteria in Shellfish, of Shucking Shellfish and an Apparatus Therefor."  Complaint ¶ 1.  The U.S. Patent and Trademark Office ("USPTO") Examiner rejected plaintiff's claims 3, 4, 6, 7, and 27 on April 17, 2001.  Board of Patent Appeals and Interferences ("BPAI") Decision on Appeal at pg. 11 (Exhibit 2 to Plaintiff's

---

[1]  This memorandum also constitutes defendant's opposition to plaintiff's motion to deem the complaint filed as of April 24, 2006 under Local Civil Rule 7(b).

Memorandum in Support of Motion to Deem Complaint Filed as of April 24, 2006 ("Pl.'s Memo. of Law")).  Following an administrative hearing, the BPAI, by a written decision issued on February 27, 2006, affirmed the Examiner's rejection of claims.  Id. at pg. 1.

On April 22, 2006, plaintiff sent a complaint via Federal Express to the Court's Clerk. FedEx Tracking Document (Exhibit 3 to Pl.'s Memo. of Law).  The Court Clerk received plaintiff's complaint on April 24, 2006.  The Clerk, however, rejected plaintiff's filing because it did not comply with the Local Civil Rules in that it was *not* signed by a member of the bar of this Court.  Return Document Letter (Exhibit 4 to Pl.'s Memo. of Law).  On May 3, 2006, plaintiff refiled it complaint by counsel admitted to this Court's bar.  Plaintiff then filed a Motion to Deem Complaint filed as of April 24, 2006.

## ARGUMENT

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims.  Felter v. Norton, 412 F.Supp.2d 118, 122 (D.D.C. 2006); Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172,176 (D.D.C. 2004).  Bennet v. Ridge, 321 F. Supp. 2d 49, 51 (D.D.C. 2004); Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.").  "A court considering a motion to dismiss for lack of jurisdiction must construe plaintiffs' complaint in plaintiffs' favor, accepting all inferences that can be derived from the facts alleged."  Norton, 412 F. Supp. 2d at 122 (citing Jerome Stevens Pharmacies, Inc. v. FDA, 402 F. 3d 1249, 1253 (D.C. Cir. 2005).

2

Generally, a motion to dismiss for lack of jurisdiction cannot be based upon an assertion that an action is barred by the statute of limitations because the expiration of the limitations period is an affirmative defense and not a bar to jurisdiction.  Norton, 412 F. Supp. 2d at 122; Gordon v. Nat'l Youth Work Alliance, 675 F.2d 356, 360 (D.C. Cir. 1982).  "However, because the United States enjoys sovereign immunity, Congress has the power to shape the conditions under which the United States can be sued."  Norton, 412 F. Supp. 2d at 122 (citing United States v. Mitchell, 463 U.S. 206 (1983) ("It is axiomatic that the [U.S] may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  Therefore, where Congress has limited the conditions under which the U.S. can be sued, the expiration of the statute of limitations is a bar to the court's subject matter jurisdiction, and a proper subject for a motion to dismiss under Rule 12(b)(1).  Norton, 412 F. Supp. 2d at 122.

In cases where the statute of limitations is subject to a rebuttable presumption, however, courts have instead ruled under a 12(b)(6) motion to dismiss for failure to state a claim.  See Gordon, 675 F.2d at 360 (holding that because statutes of limitations create affirmative defenses, they must be raised on a Rule 12(b)(6) motion to dismiss, not under Rule 12(b)(1)); Suckow Borax Mines Consol. v. Borax Consol. Ltd., 185 F.2d 196, 204 (9th Cir.1950) (holding that a "complaint may properly be dismissed on motion for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations"), cert. denied, 340 U.S. 943 (1951); see also 5 Wright & Miller § 1277 (noting that although under a strict application of the rules, affirmative defenses are not properly raised in a motion to dismiss, most courts agree that when the facts giving rise to the affirmative defense are fully disclosed on the face of the compliant, the court may dispose of the case under Rule 12(b)).

"Whether a statute of limitations is subject to the rebuttable presumption or operates as a

3

jurisdictional bar turns upon whether the injury to be redressed is of a type familiar to private

litigation."  Norton, 412 F. Supp. 2d at 123 (citing Chung v. DOJ, 333 F.3d 273, 277 (D.C. Cir.

2003) (internal quotations omitted)).  Further, the type of litigation at issue must not be so

"peculiarly governmental that there is no basis for assuming customary ground rules apply."

Chung, 333 F.3d at 277.

## II.    PLAINTIFF FAILED TO FILE ITS COMPLAINT WITHIN THE LIMITATIONS PERIOD

Plaintiff filed their Complaint nine days *after* the two month statute of limitations period

allowed by 35 U.S.C. § 145.  Therefore, plaintiff is statutorily barred from seeking relief by civil

remedy and the Complaint should be dismissed.  Pursuant to 35 U.S.C § 145 an applicant

displeased with a decision from the BPAI may appeal under section 134(a) to, ". . . have remedy

by civil action against the Director in the United States District Court for the District of

Columbia if commenced within such time after such decision, not less than sixty days, as the

Director appoints . . .."  Pursuant to 37 CFR § 1.304(a)(1), the regulations implementing 35

U.S.C. § 145, "[t]he time for . . . commencing a civil action (§1.303) is two months from the date

of the decision of the Board of Patent Appeals and Interferences."  37 C.F.R. § 1.304(a)(1).

The BPAI issued plaintiff a decision rejecting his appeal on February 27, 2006.

According to statue, therefore, plaintiff had until April 26, 2006 to file a complaint with the

District Court.  Plaintiff did not file the Complaint until May 3, 2006.  This date is *after* the

period of time granted by statue to file a complaint in District Court.  In this Circuit, it is

appropriate to dismiss patent cases where the statute of limitations has run.  See Grady v.

Watson, 274 F.2d 594 (D.C. Cir. 1958) (per curium) (holding that there was no abuse of

discretion in the denial of the motion for leave to amend the complaint and upholding a motion

to dismiss since appellants' complaint was not timely filed.)

Plaintiff argues that dismissing this case could prejudice their claim entirely and rob them of their day in court.  Plaintiff's argument, however, is misplaced, as the fault for missing the deadline lies *solely* with plaintiff and its counsel.  This Court has held that "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable [in missing a filing deadline]."  Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 14-15 (D.D.C. 2003) (internal quotations omitted).  In this case, the plaintiff *failed* to follow the local rules to timely file a complaint, thereby causing its own delay in missing the filing deadline.  Accordingly, this Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

## III.    PLAINTIFF WILLFULLY FAILED TO COMPLY WITH THE LOCAL RULES

Plaintiff willfully ignored the Local Rules by *failing* to have an attorney admitted to this Court's bar sign the Complaint filed on April 24, 2006.  Pursuant to Local Civil Rule 5.1(e)(2), "[b]y signing a pleading or paper that is presented to the Court, an attorney is certifying that the attorney, and all other attorneys appearing with the attorney on the pleading or paper, *are members of, or have a pending application for admission to, the bar of this Court*."  LCvR 5.1(e)(2) (emphasis added).  In this case, plaintiff's Louisiana counsel, Thomas Keaty, signed the original complaint even though he was not admitted to the bar of this Court and did not have a pending application for admission to this Court.

Local rules have the force of law.  Weil v. Neary, 49 S.Ct. 144, 148 (1929).  In addition, when plaintiffs' have failed to follow local rules complaints warrant dismissal.  Ames v. Stnd. Oil Co., 108 F.R.D. 299, 301 (D.D.C. 1985).  Mr. Keaty, a member of the bars of Louisiana, and several federal district courts and court of appeals around the country, should have known from his previous admittance to other bars that *he* was responsible for petitioning for admission to the

5

Court *before* signing a complaint.  Mr. Keaty claims that the Court's Clerk erroneously failed to accept the Complaint with his signature because despite not being admitted to this Court's bar, he is eligible to sign the Complaint.  See Pl.'s Memo. of Law at pg. 7.  Plaintiff also argues that that Federal Rule of Civil Procedure 5(e) requires a clerk to accept a filing even though it is not properly presented in local rules format.  Pl.'s Memo. of Law at pg. 4.  Plaintiff's selective editing of Rule 5(e) is misleading and disingenuous.  A complete reading of Fed. R. Civ. P. 5(e) states,

> The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.  A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, which the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices.

Contrary to plaintiff's misleading quotation, the sentence, "The clerk shall not refuse to accept for filing any paper presented for that purpose" refers to electronic filings, *not* general filings that fail to meet the requirements of the Local Rules.

A reading of the Rules of this Court shows that to be a member of this Court's bar an attorney has to be admitted.  To be admitted, one must petition for admission to the bar.  LCvR 83.8(b).  Furthermore, admission to the bar is not automatic, but an application can be pending for admission when a complaint is filed.  LCvR 5.1(e)(2).  Filing an application for admission is a simple step that Mr. Keaty could have taken before submitting the Complaint.  This Court has ruled that no excusable neglect exists when plaintiff's counsel fails to seek pro hac vice

admission to the Court's bar on a timely basis. <u>Wilson v. Prudential Financial</u>, 218 F.R.D. 1, 3 (D.D.C. 2003). In the alternative, plaintiff and Mr. Keaty could have sought local counsel sooner, but did not. When the Complaint was returned to the plaintiff, it was almost immediately refiled by local counsel admitted to this Court's bar – a step that could have easily been done earlier avoiding the expiration of the statute of limitations.

In addition, the violation of the Local Rules appears to have been deliberate since Mr. Keaty took the unusual step of having Steven Voisin, a member of Innovatit Seafood Systems, LLC, sign the complaint. <u>See</u> Complaint. Plaintiff acknowledges in its Memo. of Law that they were aware that corporations can not file complaints pro se. Pl.'s Memo. of Law at pg. 5. However, by having Mr. Voisin sign the Complaint it appears that Innovatit Seafood Systems, LLC is not a corporation, but a <u>pro se</u> litigant. Simply, Mr. Keaty took a gamble that maybe the Court Clerk would not notice that Innovatit Seafood Systems, LLC, was a corporation and accept the Complaint <u>pro se</u>. A "plaintiff [represented by counsel] cannot take refuge in the 'special solicitude' granted to pro se litigants who are late in replying." <u>Wilson</u>, 218 F.R.D. at 4 (citing <u>Anderson v. Pirfo</u>, 1990 WL 209984, at *1 (D.D.C. 1990)); <u>see also</u> <u>Estate of Davidson v. Columbia Hosp. for Women Med. Ctr.</u>, 1991 WL 277434, at *2 (D.D.C. 1991) (noting that if the plaintiffs had not been represented by counsel, the court might have excused their procedural delays). Plaintiff deliberately failed to follow the Local Rules by not having the Complaint filed by counsel admitted to this Court's bar; therefore, their Complaint should be dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth herein, plaintiff's complaint is barred by the statutory statute of limitations and the Court has no jurisdiction over the subject matter. In the alternative, the Complaint is barred by the regulatory statute of limitations and the plaintiff has failed to state a

7

claim upon which relief can be granted.  Therefore, plaintiff's motion to deem its complaint filed as of April 24, 2006 should be denied, and this case should be dismissed.

July 24, 2006                                  Respectfully submitted,

                                               _____/s/_____
                                               KENNETH L. WAINSTEIN, D.C. Bar #451058
                                               United States Attorney


                                               ____/s/_____
                                               RUDOLPH CONTRERAS, D.C. Bar #424122
                                               Assistant United States Attorney


                                               _____/s/_____
                                               JOHN F. HENAULT, D.C. Bar #472590
                                               Assistant United States Attorney
                                               555 4th Street, NW
                                               Washington, DC 20530
                                               (202) 307-1249
                                               (202) 514-8780 (facsimile)