IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATIT SEAFOOD SYSTEMS, LLC, )
)
    Plaintiff, )
)
v. ) Civil Action No. 06-0822(JR)
)
COMMISSIONER FOR PATENTS, )
)
    Defendant )

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

Before me, the undersigned authority personally came and appeared Thomas S. Keaty, a person of the full age of majority, personally known to me, who, having been sworn, did depose and say that:

1. I am an attorney licensed to practice in Louisiana, Texas, and before the U.S. Patent and Trademark Office.

2. My offices are located at 2140 World Trade Center, New Orleans, Louisiana 70130.

3. Following Hurricanes Katrina and Rita in August of 2005, I had to relocate my firm to Port Allen, Louisiana, where we stayed till mid-November. The phone service was re-routed through the Port Allen office until the end of 2005.

4. The change of address instructions provided to the Postal Service complicated the matters to unheard of proportions.

4. Some of the firm's employees moved to Baton Rouge, Louisiana; some - to Virginia or Texas.

5. In the first months of 2006, the staff moved back to New Orleans and our operation could resume at least in part.

6. From the end of August 2005 till present, the Postal Service has not been fully restored in New Orleans; the deliveries are sporadic; the hours of operation of the Postal Service outlets are limited and differ from one location to another. These conditions continue to make communications with a government entity, U.S. Patent Office, extremely difficult since the Patent Office uses only U.S. Postal Service in its communications with the customers.

7. The telephone service remains unreliable.

8. In many cases, where the clients moved from New Orleans to other cities and states, leaving their new addresses to the Postal Service, the matters of mail delivery remain extremely complicated.

9. All these factors continue to adversely affect our work; our ability to timely communicate with the clients has been hampered and made very expensive as the firm has to rely on commercial mail couriers for routine mailings to clients.

10. I represented Innovatit Seafood Systems, LLC ("Innovatit) in their application before the US Patent Office (USPTO).

11. On February 27, 2006, the Board of Appeals and Interferences (BPAI) issued an adverse decision in Innovatit's application No. 09/121,725. By the time the BPAI decision reached my office and I was able to communicate with the client, there was little time left to prepare a complaint and retain a local counsel in the District of Columbia to represent Innovatit in its appeal to the district court.

12. To avoid loss of valuable patent rights, Innovatit instructed me to prepare a Complaint for filing in the district court. This Complaint was signed by an officer of Innovatit, with my counter-signed signature, and sent to the DC for the District of Columbia on April 22, 2006 via Federal Express.

13. The Court received the Complaint on April 24, 2006.

14. The Clerk of Court did not notify by a telephone either me or Innovatit there existed any issue related to the Complaint.

15. The Court Clerk returned the Complaint and its accompanying documents by mail.

16. The Clerk's return mailing was not received in my office until after the 60-day period for filing a Complaint.

Further affiant sayith not.

_____
Thomas S. Keaty

Sworn to and subscribed before me, this 18th day of August 2006.

_____
Notary Public
4774