## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INNOVATIT SEAFOOD SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0822(JR) |
| | ) | |
| COMMISSIONER FOR PATENTS, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
### AND JOIN AN INDISPENSABLE PARTY

NOW INTO THE COURT, through the undersigned counsel, comes the Plaintiff who respectfully moves this court pursuant to Rule 15 of the Federal Rules of Civil Procedure for Leave of Court to Amend the Compliant and to join Avure Technologies, Inc. (Avure) as an indispensable party in this lawsuit pursuant to Rule 19 of the Federal Rules of Civil Procedure.

The Plaintiff respectfully submits that Avure became an assignee of the entire right, title and interest in the pending patent applications after the instant action was filed. The joinder of Avure will not require any amendment in the trial schedule and will not prejudice the Defendant.

A supporting Memorandum and Proposed Order are attached to this Motion.

Respectfully submitted,


_____/s/Thomas S. Keaty_____
Thomas S. Keaty, *pro hac vice*
Attorney for Plaintiff
KEATY PROFESSIONAL LAW CORPORATION
2140 World Trade Center
No. 2 Canal Street
New Orleans, LA 70130
(504) 524-2100
(504) 524-2105 (fax)

**CERTIFICATE OF SERVICE**

I herby certify that on November 21, 2007, I electronically filed the foregoing with the clerk of court by using CM/ECF system, with the US District Court for the District of Columbia, 333 Constitution Ave., NW, Washington DC 20001.

And served on Defendant through their counsel of record by depositing same with the U.S. mail, first class postage prepaid, or by facsimile transmission or by hand delivery.

Robin M. Meriweather, D.C. Bar #490114
Jeffrey A. Taylor, D.C. Bar #498610
Rudolph Contreras, D.C. Bar #434122
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-1249
(202) 514-8780 (facsimile)

_____/s/Thomas S. Keaty_____
Thomas S. Keaty

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INNOVATIT SEAFOOD SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0822(JR) |
| | ) | |
| COMMISSIONER FOR PATENTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND JOIN AN INDISPENSABLE PARTY**

Under the Fed. R. Civ. P. 15, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This is a civil action initiated by an applicant of a patent application, the claims of which were rejected by the U.S. Patent and Trademark Office (PTO) following the final decision by the Board of Patent Appeals and Interferences (BPAI). Until recently, Innovatit Seafood Systems, L.L.C. was the only owner, by assigned of the subject application Serial No. 09/121,725. On September 28, 2007, after filing of the instant action, the Plaintiff assigned its entire right, title and interest in the subject application to Avure Technologies, Inc., having a principal business address at 22408 66th Avenue South, Kent, WA 98032. Avure is now the sole assignee of the subject application. A copy of the assignment is attached hereto as Exhibit A.

ARGUMENT

## I.  Joinder is proper under Rule 19

Rule 19 of the Fed. R. Civ. P. authorizes joinder of an indispensable party, who "is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest…"  Rule 19 FRCP.

## II. Avure is an indispensable Party to this Action

The assignment by Innovatit to Avure falls into the first of three categories of assignments discussed in the landmark Supreme Court decision of <u>Waterman v. Mackenzie</u>, 138, U.S. 252, 11 S. Ct. 334, 34 L. Ed. 923 (1891):

> The patentee or his assigns may, by instrument in writing, assign, grant and convey, either, 1st, the whole patent, comprising the exclusive right to make, use and vend the invention throughout the United States; or, 2d, an undivided part or share of that exclusive right; or, 3d, the exclusive right under the patent within and throughout a specified part of the United States. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers; in the second case, jointly with the assignor; in the first and third cases, in the name of the assignee alone.

138 U.S. at 255.

In the present situation, Avure, although not a patent assignee, is nevertheless the assignee of a patent application that may mature into a patent.  Waterman clearly requires joinder of the assignee, i.e., Avure, in the assignment that grants it the entire right, title and interest in the application-in-suit. The rule appears to be firmly established that where there has been an assignment of an interest in a patent, the new owner of the patent must be joined in the action.

CONCLUSION

For the reasons stated, the Plaintiff moves the Court to grant leave and allow Avure to be joined as a plaintiff in this lawsuit.

Respectfully submitted,


_____/s/Thomas S. Keaty_____
Thomas S. Keaty, *pro hac vice*
Attorney for Plaintiff
KEATY PROFESSIONAL LAW CORPORATION
2140 World Trade Center
No. 2 Canal Street
New Orleans, LA 70130
(504) 524-2100
(504) 524-2105 (fax)